UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| STANLEY HAMILTON AND LANCE HAMILTON | CIVIL ACTION |
| VERSUS | NO. 25-92-BAJ-RLB |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION | |

## ORDER

This Order is issued *sua sponte.* The Complaint in this matter was filed on January 30, 2025. (R. Doc. 1). On February 18, 2025, the district judge entered a Ruling and Order dismissing plaintiff's claims without prejudice and noting deficiencies in how the claims were brought, specifically the lack of standing by "H, Living on the Land" apparently on behalf of his two sons. (R. Doc. 3). On the same date, the undersigned entered an Order denying plaintiffs' motion to proceed in forma pauperis. (R. Docs. 2, 4).

On March 3, 2025, plaintiffs filed a Motion for Reconsideration and Rehearing. (R. Doc. 5). The motion was drafted and electronically signed by "H, Living on the Land." It was also signed by Stanley and Lance Hamilton. That motion was referred to the undersigned for resolution. On March 10, 2025, the court set a hearing for March 27, 2025 to determine whether all or any parts of this case should be dismissed as frivolous. (R. Doc. 6). The court also noted that "H", identified in the motion as Harry E. Hamilton, is not admitted to practice in this district.

At the hearing on March 27, 2025, Lance Hamilton and Stan Hamilton personally appeared and provided information to the Court about their respective claims. The plaintiffs are brothers both attending Southeastern Louisiana University in Hammond, La. The plaintiffs both live and reside in Hammond, La. Hammond, La is in the Eastern District of Louisiana. The only

named defendant in this action is the National Collegiate Athletic Association ("NCAA"), which is not located in the State of Louisiana.

Plaintiff Stanley Hamilton complains that the rules of the NCAA prevent him from participating in additional years of track and field at Southeastern Louisiana University. (R. Doc. 1, R. Doc. 3 at 2). As discussed at the March 27, 2025, this dispute, even if properly brought in federal court, has no nexus to the Middle District of Louisiana.

Plaintiff Lance Hamilton complains that despite residing in Hammond, La, he has not been permitted to pay the "in state" tuition rate while attending Southern University Law Center in Baton Rouge, La. Rather, he is required to pay the greater out of state tuition. Although Southern University Law Center is located in Baton Rouge, La, which is within the Middle District of Louisiana, it has not been named as a party. Furthermore, the pleadings before the Court make no allegations or otherwise explain how the NCAA is responsible for whether a student pays "in state" or "out of state" tuition at Southern University Law Center.

Although the two plaintiffs are brothers and apparently reside together, the similarity in theirs claims end there. To the extent either plaintiff has a viable claim in federal court, they are pursuant to different legal theories, different actors, and different venues. Joinder is not appropriate under either Rule 19 or Rule 20 of the Federal Rules of Civil Procedure.

**Accordingly, it is ordered that these two matters be severed. The Clerk of Court is directed to create a new civil action –** *Stanley Hamilton v. National Collegiate Athletic Association***, and transfer a complete copy of the docket, including this order, in that new action.**

In addition, the Court has considered the specific claims of Stanley Hamilton. Under the provisions of 28 U.S.C. §§ 1391(b)(1) and (2), and 28 U.S.C. §§ 1404(a) and 1406(a), a district court may, in the interest of justice and for the convenience of the parties, transfer a claim to a

court of proper venue. In the instant case, inasmuch as the plaintiff's claims relate to events occurring entirely within the Eastern District of Louisiana, and none of the parties, likely witnesses, or evidence will be found in this district, **it is ordered that *Stanley Hamilton v. National Collegiate Athletic Association* be and is hereby transferred to the Eastern District of Louisiana**.

The Court has also considered the claims of Lance Hamilton. For the reasons set forth above, Lance Hamilton has failed to state a valid claim against the defendant NCAA. **Lance Hamilton shall file, within 21 days of the date of this Order**, an amended complaint setting forth the specific acts or omissions committed by the NCAA or individuals acting on its behalf; when, where and how those acts were committed; how those actions caused the harm alleged (out of state tuition charged by Southern University Law Center), and the basis for federal jurisdiction over this dispute. Failure to do so may result in dismissal of this action.

Also before the Court is a Motion/Request for Extension for Compliance. (R. Doc. 9). This motion was filed by Harry Hamilton. As he is not a party nor an admitted attorney, he may not file documents in this matter. **Accordingly, it is ordered that the Clerk of Court shall strike R. Doc. 9 from the record.**

Signed in Baton Rouge, Louisiana, on May 8, 2025.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**