UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STANLEY HAMILTON | CIVIL ACTION |
| VERSUS | CASE NO. 25-924 |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION | SECTION: "G"(5) |

### ORDER

Before the Court is Plaintiff Stanley Hamilton's ("Plaintiff") Motion for Temporary Restraining Order.[1] Plaintiff, a student athlete at Southeastern Louisiana University, brought this action against the National Collegiate Athletic Association ("NCAA") alleging that he is entitled to four years of eligibility in track and field.[2] On January 30, 2025, Plaintiff filed a Complaint alongside his brother in the United States District Court for the Middle District of Louisiana.[3] On May 8, 2025, a judge in the Middle District of Louisiana severed Plaintiff and his brother's cases, and Plaintiff's case was transferred to this Court.[4]

On June 4, 2025, Plaintiff filed the instant Motion for Temporary Restraining Order.[5] In support of his motion, Plaintiff alleges that the NCAA is denying him a scholarship in his fourth year as a student athlete.[6] Plaintiff seeks "a temporary restraining order against the NCAA from

---

[1] Rec. Doc. 17.

[2] Rec. Doc. 1.

[3] *Id.*

[4] Rec. Doc. 13.

[5] Rec. Doc. 17.

[6] *Id.* at 1.

1

disallowing any of its affiliates, specifically SELU, [from] denying [Plaintiff] a scholarship at this time."[7] Because Plaintiff requests immediate action, the Court will interpret this filing as a motion for a temporary restraining order without notice.

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and Rule 65(b) sets forth the procedural rules governing the issuance of temporary restraining orders. In order to obtain a temporary restraining order, a plaintiff must establish the following essential elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not do disservice to the public interest.[8] Because such relief is an extraordinary remedy, to justify entry of a temporary restraining order or preliminary injunction,[9] the petitioner must "clearly carr[y] the burden of persuasion on all four elements."[10] If a plaintiff fails to carry its burden as to any one of these factors, injunctive relief cannot be granted.[11] Regardless of whether the temporary restraining order is granted, Federal Rule of Civil Procedure 52(a) requires the Court to "state the findings of fact and conclusions of law that support its action."[12] This Order serves as the Court's findings of fact and conclusions of law.

---

[7] *Id.* at 2.

[8] *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

[9] The legal standard for issuance of a temporary restraining order and for a preliminary injunction are the same. *See Gregory v. Miller*, No. 04-3017, 2007 WL 891878, at *2 (E.D. La. Mar. 21, 2007) (Engelhardt, J.).

[10] *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005) (internal quotation marks and citations omitted).

[11] *See Enterprise Int'l Inc. v. Corp. Estatal Petrolera Ecautoriana*, 762 F.2d 464, 472 (5th Cir. 1985).

[12] Fed. R. Civ. P. 52(a)(1), (2).

Plaintiff provides no information about what cause of action he brings against the NCAA or his likelihood of success on the merits. Moreover, Plaintiff has not shown that failure to grant a temporary restraining order will result in irreparable injury, that the threatened injury outweighs any damage that the temporary restraining order will cause to the adverse party, or that the temporary restraining order will not do disservice to the public interest. Therefore, Plaintiff has not met his burden on any of the four elements for a temporary restraining order.

Additionally, the Court notes that this case was filed on January 30, 2025, and the record does not reflect service upon the NCAA. Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.  This subdivision does not apply to service in a foreign country.

While Plaintiff has not filed a formal motion with the Court for an extension of time to perfect service, the Court, in its discretion, grants Plaintiff an additional 60 days to perfect service.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order.[13] is **DENIED** to the extent it requests a temporary restraining order against the NCAA without notice.

---

[13] Rec. Doc. 17.

**IT IS FURTHER ORDERED** that Plaintiff is granted an additional 60 days to perfect service on the NCAA.

**NEW ORLEANS, LOUISIANA**, this 6th day of June, 2025.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**