## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**STANLEY HAMILTON**                                    **CIVIL ACTION**

**VERSUS**                                              **CASE NO. 25-924**

**NATIONAL COLLEGIATE ATHLETIC**                        **SECTION: "G"(5)**
**ASSOCIATION**

## ORDER AND REASONS

Before the Court is *pro se* Plaintiff Stanley Hamilton's ("Plaintiff") Motion for Reconsideration on Motion for Temporary Restraining Order.[1] Plaintiff, a student athlete at Southeastern Louisiana University, brought this action under the Sherman Act against the National Collegiate Athletic Association ("NCAA"), alleging that he is entitled to four seasons of eligibility in track and field.[2] On June 3, 2025, Plaintiff filed a Motion for Temporary Restraining Order seeking injunctive relief preventing the NCAA from enforcing its eligibility rules, which Plaintiff asserts would preclude him from participating in collegiate track and receiving scholarship benefits.[3] On June 6, 2025, the Court denied the motion, finding that Plaintiff had not met his burden pursuant to Federal Rule of Civil Procedure 65.[4] On July 22, 2025 Plaintiff filed a Motion for Preliminary Injunction, which is set for hearing on August 21, 2025.[5] On July 29, 2025 Plaintiff

---

[1] Rec. Doc. 30.

[2] Rec. Doc. 1.

[3] Rec. Doc. 17.

[4] Rec. Doc. 18.

[5] Rec. Doc. 24.

1

filed the instant motion for reconsideration.[6] On July 30, 2025, the Court held oral argument on the motion. Considering the motion, the record, the applicable law, and the oral argument, the Court finds that Plaintiff has not demonstrated entitlement to the extraordinary relief of reconsideration or the issuance of a temporary restraining order.

Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and Rule 65(b) sets forth the procedural rules governing the issuance of temporary restraining orders. In order to obtain a temporary restraining order, a plaintiff must establish the following essential elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not do disservice to the public interest.[7] This Court previously denied Plaintiff's motion for a temporary restraining order finding, in part, that Plaintiff failed to demonstrate a substantial likelihood of success on the merits.

Plaintiff seeks reconsideration of the Court's Order denying the temporary restraining order. A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been raised before the entry of judgment."[8] Instead, it only served to correct manifest errors of law or fact to present newly discovered evidence. Plaintiff still has not established a substantial likelihood of success on the merits.

---

[6] Rec. Doc. 30.

[7] *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

[8] *Templet v. HydroChem Inc.,* 367 F.3d 473, 478–79 (5th Cir. 2004).

Subject to NCAA Bylaw 12.8, also known as the "Five-Year Rule," a student-athlete has five years during which to play four seasons of a given sport. The five-year clock starts to run on the date when the student-athlete registers as a full-time student. Plaintiff's five years presumably ran in 2024, five years after he enrolled in college in 2019. Although the NCAA may grant an extension of eligibility based on demonstrated hardship, Plaintiff has not provided sufficient evidence to establish such a hardship. Without proof of a qualifying hardship, Plaintiff is subject to the five-year rule, and the NCAA's enforcement of this rule does not appear arbitrary or unlawful. For these reasons, Plaintiff has not demonstrated that he is entitled to reconsideration of the June 6, 2025 Order denying Plaintiff's Motion for a Temporary Restraining Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration on Motion for Temporary Restraining Order[9] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this  31st  day of July, 2025.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[9] Rec. Doc. 30.