UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STANLEY HAMILTON** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 25-924** |
| **NATIONAL COLLEGIATE ATHLETIC ASSOCIATION** | **SECTION: "G"(5)** |

## ORDER AND REASONS

Before the Court is *pro se* Plaintiff Stanley Hamilton's ("Plaintiff") Motion for Preliminary Injunction.[1] Plaintiff, a student athlete at Southeastern Louisiana University, brought this action under the Sherman Act against the National Collegiate Athletic Association (the "NCAA"), alleging that he is entitled to four seasons of eligibility in track and field and is being denied the opportunity to complete those seasons of eligibility. Plaintiff seeks a preliminary injunction permitting his continued participation in NCAA competition. On August 21, 2025, the Court held oral argument on the motion. Considering the motion, the memoranda in support and in opposition, the record, the applicable law, and the arguments made during the oral argument and hearing, the Court denies the motion.[2]

### I. Background

Plaintiff, a student athlete at Southeastern Louisiana University ("SELU"), brought this action under the Sherman Act against the National Collegiate Athletic Association ("NCAA"), alleging that he is entitled to four seasons of eligibility in track and field and is being denied the opportunity to complete those seasons of eligibility. Plaintiff first enrolled in college in 2019, but

---

[1] Rec. Doc. 24.

[2] This Order serves as the Court's findings of fact and conclusions of law.

did not begin to compete in intercollegiate track and field until 2022.

The amended complaint asserts claims against the NCAA for violations of the Sherman Act and Selective and Discriminatory Enforcement of Eligibility Rules. At issue is NCAA Bylaw 12.8.1.1, also known as the "Five-Year Rule," which provides that a student-athlete has five years during which to play four seasons of a given sport. On June 3, 2025, Plaintiff filed a Motion for Temporary Restraining Order seeking injunctive relief preventing the NCAA from enforcing its eligibility rules, which Plaintiff asserts would preclude him from participating in collegiate track and receiving scholarship benefits. On June 6, 2025, the Court denied the motion, finding that Plaintiff had not met his burden pursuant to Federal Rule of Civil Procedure 65. On July 22, 2025, Plaintiff filed the instant Motion for Preliminary Injunction.[3] On July 29, 2025, Plaintiff filed a motion for reconsideration on the motion for temporary restraining order. On July 30, 2025, the Court held oral argument on the motion for reconsideration. On July 31, 2025, the Court denied Plaintiff's motion for reconsideration, finding he has not shown a likelihood of success on the merits. On August 13, 2025, the NCAA filed an opposition to the instant Motion for Preliminary Injunction.[4] On August 19, 2025, Plaintiff filed a reply memorandum in further support of the motion.[5]

On August 21, 2025, the Court held a hearing and oral argument on the motion for preliminary injunction. During oral argument, Plaintiff contended that the NCAA's bylaws differentiate a student and student-athlete, and thus, Plaintiff was not considered a student-athlete until he began participating in sports in 2022. In response, the NCAA explained that the five-year

---

[3] *Id.*

[4] Rec. Doc. 39.

[5] Rec. Doc. 43.

time clock begins when a student is enrolled in undergraduate studies to maintain fair competition and a rollover of opportunities to incoming eligible student-athletes. The Court heard testimony from Plaintiff's father, HH, regarding Plaintiff's hardships which restricted him from playing intercollegiate sports from 2019 until 2022. In response the NCAA averred that Plaintiff failed to provide the proper evidence from a collegiate institution to support a hardship waiver.

## II. Parties' Arguments

A.  *Plaintiff's Arguments in Support of the Motion*

In the motion, Plaintiff argues he did not become a student-athlete as defined by NCAA Bylaw 12.02.14 until August 2022, when he first participated in intercollegiate track and field.[6] Plaintiff contends his five-year eligibility clock should begin no earlier than 2022, giving him until 2027 to complete his four years of eligibility.[7] Plaintiff explains he was denied eligibility for the 2025 indoor track season and he has currently been removed from competition by SELU compliance staff, pending resolution of the matter.[8]

Plaintiff argues the NCAA has implemented rules and practices that amount to a group boycott in violation of the Sherman Act.[9] Specifically, Plaintiff avers the NCAA denies eligibility to student-athletes like Plaintiff who delay athletic participation for legitimate reasons such as medical recovery and academic achievement, restraining trade and access to intercollegiate athletic competition.[10] By triggering the five-year eligibility period upon first full-time enrollment rather than first athletic participation, Plaintiff contends NCAA Bylaw 12.8.1.1 unfairly penalizes

---

[6] Rec. Doc. 24 at 1.

[7] *Id.* at 2.

[8] *Id.*

[9] *Id.*

[10] *Id.*

3

students who pursue academic excellence first and ties academic freedom to athletic conformity, harming competition.[11] Plaintiff posits the NCAA's actions violate Sections 1 and 2 of the Sherman Act, imposing a restraint of trade on individuals like Plaintiff.[12]

Plaintiff argues he faces immediate and irreparable harm due to the denial of his 2025 indoor season which cannot be replayed.[13] Plaintiff explains he is currently barred from training and competing, and he will lose eligibility for the upcoming 2025-2026 outdoor season, his final season of both athletic and academic eligibility.[14] Plaintiff avers monetary damages cannot remedy his loss as transferring eligibility between institutions is prohibited.[15] Plaintiff contends the harm is active, ongoing, and irreparable, and only injunctive relief can preserve Plaintiff's eligibility, training, scholarship, and opportunity to compete.[16] Plaintiff asserts his likelihood of success is certain if the NCAA is held to its own bylaws.[17]

### B.     *The NCAA's Arguments in Opposition to the Motion*

In opposition to the motion, the NCAA argues Plaintiff cannot demonstrate a likelihood of success on the merits.[18] While Plaintiff seeks relief under the Sherman Act, the NCAA contends Plaintiff's argument concerns the NCAA's interpretation and application of its eligibility rules.[19] The NCAA explains, under the Five-Year Rule, "a student-athlete shall be considered registered

---

[11] *Id.*

[12] *Id.*

[13] *Id.* at 3.

[14] *Id.*

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] Rec. Doc. 39 at 5.

[19] *Id.*

4

at a collegiate institution…when the student-athlete initially registers in a regular term…of an academic year for a minimum full-time program of students…and attends the first day of classes for that term," which the NCAA contends occurred in 2019 for Plaintiff.[20]

While the amended complaint includes a claim for "Selective and Discriminatory Enforcement of Eligibility Rules," the NCAA avers this claim does not exist at law.[21] The NCAA concedes that if Plaintiff was indeed injured, and his injury prevented him from competing until 2022, there is a path for Plaintiff to pursue additional eligibility by having an institution seek a waiver from the Five-Year Rule, but there is no evidence such relief has been sought.[22]

The NCAA argues that Plaintiff fails to explain why the Five-Year Rule is commercial in nature—a prerequisite for the Sherman Act to apply.[23] The NCAA contends that binding Fifth Circuit precedent has foreclosed Plaintiff's argument that the Five-Year Rule is an unreasonable restraint on trade, finding that "the NCAA's eligibility rules are reasonable" and "the eligibility rules do not violate the antitrust laws."[24] The NCAA explains that several other federal appellate courts have reached similar conclusions.[25] The NCAA avers this Court should reach the same conclusion here.[26]

The NCAA argues, even assuming the Five-Year Rule was within the purview of the Sherman Act, Plaintiff has not met his evidentiary burden to demonstrate that the rule is likely an

---

[20] *Id.* at 5–6.

[21] *Id.* at 6.

[22] *Id.*

[23] *Id.* at 7.

[24] *Id.* at 8. citing *McCormack v. NCAA,* 845 F.2d 1338 (5th Cir. 1988).

[25] *Id.* at 9–10.

[26] *Id.* at 11.

unreasonable restraint on trade under the rule of reason.[27] The NCAA contends Plaintiff has not presented evidence that the Five-Year Rule has a substantial anticompetitive effect in a properly defined relevant market.[28] The NCAA avers Plaintiff offers no proof or argument of a relevant market.[29] Even assuming Plaintiff had defined a relevant market, the NCAA argues Plaintiff has presented no evidence of substantial anticompetitive effects in the relevant market.[30] The NCAA further argues that Plaintiff does not articulate any harm to the market as a whole.[31] The NCAA asserts the Five-Year Rule has procompetitive benefits, and the procompetitive benefits cannot be achieved through substantially less restrictive means.[32]

The NCAA contends the law provides them substantial leeway to fashion its own rules so long as those rules do not unreasonably restrain trade.[33] The NCAA avers Plaintiff's arguments are based upon his own subjective analysis of fairness and policy considerations, not antitrust principles.[34] The NCAA argues Plaintiff cannot establish a likelihood of success on his "Selective and Discriminatory Enforcement of Eligibility Rules" claim, because no such claim exists.[35]

The NCAA posits Plaintiff has not met his burden to show he will suffer irreparable harm.[36] While some courts have concluded that the lost opportunity to participate in intercollegiate sports

---

[27] *Id.*

[28] *Id.* at 12.

[29] *Id.* at 13.

[30] *Id.* at 14.

[31] *Id.* at 15.

[32] *Id.* at 17.

[33] *Id.* at 18.

[34] *Id.*

[35] *Id.* at 19.

[36] *Id.*

6

may be irreparable harm, the NCAA explains that those cases involved the absence of an opportunity to participate rather than a limitation on eligibility.[37] The NCAA contends many courts have found that student athletes do not suffer irreparable harm from the lost opportunity to participate alone.[38]

The NCAA argues the balance of equities and public interest do not weigh in Plaintiff's favor.[39] The NCAA avers that Plaintiff's arguments pertain to his personal circumstances, but he fails to address the broader issues created by changing eligibility rules wholesale.[40] The NCAA cautions that Plaintiff's request threatens to disrupt the experience of many other student-athletes.[41]

C.  *Plaintiff's Arguments in Further Support of the Motion*

Plaintiff reiterates that his status as a student-athlete was not attained until 2022, and the NCAA's attempt to backdate his clock to 2019 has imposed an anticompetitive restraint, denying Plaintiff access to competition, scholarship, NIL opportunities, and the educational marketplace.[42] Plaintiff explains that he has already attempted to pursue a waiver in good faith, but waiver relief does not cure the misapplication of the bylaws, it only underscores that narrower, less restrictive alternatives exist.[43] Plaintiff contends this case is not about abolishing the Five-Year Rule, rather it is about ensuring that the NCAA applies its own rules faithfully, lawfully, and consistently with

---

[37] *Id.*

[38] *Id.* at 21.

[39] *Id.* at 22.

[40] *Id.*

[41] *Id.*

[42] Rec. Doc. 43 at 1.

[43] *Id.*

federal antitrust law.[44]

Plaintiff posits he faced financial and physical hardships from 2019 until 2021, as he supported himself while caring for his father and recovering from injury.[45] Plaintiff explains during this time he could not have competed, yet those years were charged against him.[46] Plaintiff posits the relevant market is higher education itself.[47] Plaintiff states that he pursued waiver relief, but he was seemingly denied.[48]

While the NCAA argues Plaintiff's claims are not a matter of commerce, Plaintiff contends courts have held that restrictions on education-related benefits are commercial restraints subject to the Sherman Act.[49] Plaintiff posits that the NCAA's misapplication of its rules constitute anticompetitive overbreadth.[50] Plaintiff avers that recent precedent supports his requested relief.[51]

Plaintiff argues that he faces irreparable harm because he has lost his scholarship and stipend, lost seasons of eligibility, lost NIL opportunities, lost medical and training services, and he now has a caregiving burden.[52] In balancing equities, Plaintiff avers the NCAA's burden is minimal, but his burden is existential.[53] Plaintiff contends that in *Pavia*[54] and *Elad*, the courts

---

[44] *Id.*

[45] *Id.* at 2.

[46] *Id.*

[47] *Id.*

[48] *Id.*

[49] *Id.* at 2–3.

[50] *Id.* at 3.

[51] *Id.*

[52] *Id.* at 4.

[53] *Id.*

[54] *Pavia v. National College Athletic Ass'n,* 2024 WL 5159888 (M.D. Tenn. Dec. 18, 2024).

8

confirmed that narrow, individual specific injunctions preserve system stability while preventing irreparable harm.[55]

Plaintiff argues the public interest favors stability and deference to the NCAA's rules.[56] Plaintiff contends even after exhausting every available channel, he has never been afforded the chance to appear before a waiver committee to present his hardship.[57] Plaintiff avers the NCAA cannot claim that waiver relief remains available while denying him the process to pursue it.[58] Plaintiff asserts that the Court should grant injunctive relief, enjoining the NCAA from enforcing the Five-Year Rule against him as misapplied.[59]

### III. Legal Standard

Four elements must be proven before a court will issue a preliminary injunction: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the nonmovant; and (4) granting the injunction will not disserve the public interest.[60] If the movant fails to meet its burden regarding any one of the necessary elements, a court need not address the other elements necessary for granting a preliminary injunction.[61] At all times, the burden of persuasion remains

---

[55] Rec. Doc. 43 at 4.

[56] *Id.* at 5.

[57] *Id.*

[58] *Id.*

[59] *Id.*

[60] *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192,195–96 (5th Cir. 2003) (citing *Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)).

[61] *See Roho, Inc. v. Marquis*, 902 F.2d 356, 361 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that plaintiff failed to show a substantial likelihood of success on the merits); *see also Barton v. Huerta*, 613 F. App'x 426, 427 (5th Cir. 2015) ("[F]ailure to succeed on any one of the elements results in a denial of injunctive relief.").

on the movant as to each of these four elements.[62] However, these factors "are applied on a case-by-case, sliding-scale basis. Where one or more of the factors is very strongly established, this will ordinarily be seen as compensating for a weaker showing as to another or others."[63]

Whether to grant or to deny a preliminary injunction is within the discretion of the trial court,[64] but "[t]he decision to grant a preliminary injunction is to be treated as the exception rather than the rule."[65]

## IV. Analysis

Plaintiff, a student-athlete, filed suit against the NCAA alleging violations of the Sherman Act. Plaintiff began his undergraduate studies in 2019, but did not begin participating in intercollegiate athletics until 2022. Plaintiff contends that the NCAA improperly calculated his five-year eligibility period as beginning in 2019, rather than 2022, and that enforcement of this rule unlawfully restrains trade and harms his ability to compete. Plaintiff seeks a preliminary injunction permitting his continued participation in NCAA competition.

A.  *Likelihood of Success on the Merits*

Plaintiff challenges the NCAA's application of its "five-year rule" which provides that student-athletes must complete four seasons of eligibility within five calendar years of initial collegiate enrollment. Courts have recognized that the NCAA eligibility rules may be subject to

---

[62] *Callaway*, 489 F.2d at 573 (vacating an injunction where the district court improperly placed the burden of persuasion on the defendants to prove the injunction should not be granted, rather than requiring plaintiffs to carry their burden).

[63] *Knights of Ku Klux Klan, Realm of La. v. E. Baton Rouge Par. Sch. Bd.*, 578 F.2d 1122, 1125 (5th Cir. 1978).

[64] *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).

[65] *Miss. Power & Light*, 760 F.2d at 621 (5th Cir. 1985).

scrutiny under the Sherman Act when they restrain trade or limit market competition.[66] However, courts have also consistently held that the NCAA's eligibility rules are reasonable.[67] The Sixth Circuit found that the NCAA "eligibility rules… are all explicitly non-commercial."[68] Plaintiff has not shown a clear likelihood of prevailing on his antitrust claim.

Plaintiff also brings a claim for "Selective and Discriminatory Enforcement of Eligibility Rules." Plaintiff has not provided any authority supporting such a claim, nor can the Court locate any authority. It appears that the claim is not supported by federal or state law. As such, Plaintiff has not shown a clear likelihood of success on this claim.

### B.    *Irreparable Harm*

Plaintiff argues that denial of relief will cause irreparable harm by foreclosing his opportunity to compete during the limited duration of his collegiate career. Courts have consistently rejected the notion that a student suffers irreparable harm by not being permitted to participate in interscholastic athletics.[69] While Plaintiff argues he will also lose his athletic scholarship, courts have found that this loss is compensable through money damages.[70] For purposes of preliminary injunctive relief, "irreparable injury" means injury for which a monetary

---

[66] *See O'Bannon v. NCAA,* 802 F.3d 1049 (9th Cir. 2015); *NCAA v. Alston*, 141 S. Ct. 2141 (2021).

[67] *See McCormack v. NCAA,* 845 F.2d 1338 (5th Cir. 1988); *Smith v. NCAA,* 139 F.3d 180, 186 (3d Cir. 1998).

[68] *Basset v. National Collegiate Athletic Ass'n,* 528 F.3d 426 (6th Cir. 2008).

[69] *McGee v. Va. High Sch. League, Inc*., 801 F. Supp. 2d 526, 531 (W.D. Va. 2011); see also S.*B. ex rel. Brown v. Ballard Cnty. Bd. of Educ*., 780 F. Supp. 2d 560, 569 (W.D. Ky. 2011) (rejecting student's argument that forced transfer to an alternative school for disciplinary reasons would inflict irreparable harm in the form of exclusion from playing on original school's softball team); *Sharon City Sch. Dist. v. PIAA,* No. CIV.A. 9-213, 2009 WL 427373, at *2 (W.D. Pa. Feb. 20, 2009) ("[I]t is well established that ineligibility for participation in interscholastic athletic competitions alone does not constitute irreparable harm"); *Dziewa v. Pa. Interscholastic Ath. Ass'n, No*. 08-5792, 2009 WL 113419, at *7 (E.D. Pa. Jan. 16, 2009), at *17– 18 (E.D. Pa. Jan. 16, 2009) ("This Court, as well as all other federal courts, have previously and consistently held that ineligibility for participation in interscholastic athletic competitions alone does not constitute irreparable harm.").

[70] *Doe v. Blake School,* 310 F.Supp.3d 969 (D. Minn. May 7, 2018).

award cannot be adequate compensation; thus, where money damages is adequate compensation, a preliminary injunction will not issue.[71] This factor weighs in the NCAA's favor.

### C.     Balance of Equities

Granting an injunction would permit Plaintiff to participate in competition notwithstanding the NCAA's eligibility rules. This may impose burdens on the NCAA and member institutions by disrupting uniform application of eligibility standards. Furthermore, it may also deny eligible student-athletes the opportunity to compete. The balance of harms does not weigh strongly in Plaintiff's favor.

### D.     Public Interest

The public has an interest both in ensuring fair competition and in preserving the integrity of athletic eligibility rules. Courts are reluctant to intervene in the internal administration of collegiate athletics absent a clear violation of law. On the present record, Plaintiff has not shown that the public interest favors preliminary injunctive relief.

---

[71] *Jackson Dairy, Inc. v. H. P. Hood & Sons, Inc.*, 596 F.2d 70 (2d Cir. 1979).

## V. Conclusion

For the reasons stated herein, the Court finds that Plaintiff has not carried his burden of demonstrating entitlement to the extraordinary remedy of a preliminary injunction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction[72] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __28th__ day of August, 2025.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[72] Rec. Doc. 24.